IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-21389-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EARDIE DAVIS,

    Defendant.

_____/

## FINAL JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (ECF NO. 6). Defendant failed to file a Response, and the time in which to do so has passed.[1] UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

### I. BACKGROUND

The record reflects the following undisputed facts.[2] On April 14, 2013, the United States of America ("Plaintiff") brought this action against Defendant Eardie Davis ("Davis") pursuant to 28 U.S.C. § 1345 in order to recover funds expended by virtue of student loans guaranteed by

---

[1] Local Rule 7.1.C provides, in relevant part: "Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default." Thus, this Court could grant the Motion by default. Nevertheless, this Court will turn to the merits of Plaintiff's Motion.

[2] By not submitting a statement of material facts in opposition to Plaintiff's, Defendant fails to contradict the evidence submitted by Plaintiff. See Local Rule 56.1. Pursuant to Federal Rule 56(e), this Court is permitted to consider facts cited with support by a movant but left uncontroverted by the nonmovant as undisputed for purposes of ruling on a summary judgment motion. See Fed. R. Civ. P. 56(e); see also Head v. Cornerstone Residential Management, Inc., No. 05-80280-CIV, 2010 WL 3781288, at *2 n. 2 (S.D. Fla. Sept. 22, 2010) (finding that under Local Rule 7.5(d), "[u]nless a particular undisputed fact from [movant's] statement is directly addressed by [nonmovants], the [movants'] statements which are supported by evidence in the record, are deemed admitted.").

the U.S. Department of Education. On or about October 4, 1988 and October 10, 1990, Defendant executed promissory notes to secure loans of $3,763.00 and $4,000.00, respectively, from Meritor Savings. See ECF No. 6-1. The loans were disbursed, with Defendant's loan obligation guaranteed by United Student Aid Funds, Inc. and then reinsured by the U.S. Department of Education. See Certificate of Indebtedness (ECF No. 6-2). Defendant defaulted on her obligations on August 17, 1990 and July 1, 1991, respectively. Id. Due to the default, the guaranty agency, United Student Aid Funds, Inc., paid a claim to the holder, Meritor Savings. Id. The guarantor was then reimbursed for that claim payment by the U.S. Department of Education under its reinsurance agreement. Id. On March 8, 2000, the guarantor assigned its right and title to Defendant's defaulted loans to the U.S. Department of Education. Id. The U.S. Department of Education has credited a total of $2,618.36 in payments from all sources to the balance. Id.

The Certificate of Indebtedness attached to Plaintiff's Motion reflects that after the application of all payments, the balance owed by Defendant to the U.S. Department of Education as of February 14, 2011 is $10,037.13. See id. After being contacted by Plaintiff's counsel, Defendant did not enter into a satisfactory payment plan and failed to pay the amount owed. Accordingly, Plaintiff filed the above-styled lawsuit. Defendant's Answer, which was filed on June 6, 2013, states that the loans at issue were for Defendant's children and that Defendant is unable to pay the debt. See Answer, at 4–5 (ECF No. 5). Plaintiff now moves for summary judgment on its behalf, arguing that Defendant has raised no meritorious defenses to her debt.

## II.     LEGAL STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. Id.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; see also Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."). When the nonmoving party fails to sufficiently prove an essential element of its case, all other facts are rendered "immaterial." Celotex, 477 U.S. at 322–23.

### III. ANALYSIS

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001). There is no dispute in this case that Defendant signed the promissory notes, that the United States is the present holder, and that the notes are in default. While Defendant stated in her Answer that the loans were for her children, Defendant was the only applicant on the loans at issue and is therefore legally responsible to repay the

3

loans. Defendant has provided no evidence that her children have any legal responsibility for the debt. Accordingly, this Court finds that Defendant is indebted to the United States and has failed to make payment for such indebtedness.

### IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Summary Judgment (ECF No. 6) is GRANTED.
2. FINAL JUDGMENT is hereby entered in favor of the United States of America and against Defendant Eardie Davis, in the total amount of $10,561.31, consisting of $6,586.94 in unpaid principal, plus $3,974.37 in accrued interest through June 12, 2013, plus interest at the rate of 3.44% per annum on the unpaid principal to the date of this Judgment.
3. This Judgment shall bear interest at the rate as prescribed by 28 U.S.C. § 1961.
4. For which sums let execution issue.
5. This Court reserves jurisdiction to enter an award of attorney fees and costs, if any.
6. The Clerk of the Court shall CLOSE this case. All pending motions are hereby DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this **30th** day of July, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel and parties of record